Hanover Ins. Co. v Philadelphia Indem. Ins. Co. (2018 NY Slip Op 02121)





Hanover Ins. Co. v Philadelphia Indem. Ins. Co.


2018 NY Slip Op 02121


Decided on March 27, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 27, 2018

Sweeny, J.P., Renwick, Tom, Kapnick, JJ.


3085 154006/14

[*1]Hanover Insurance Company, et al., Plaintiffs-Appellants,
v
Philadelphia Indemnity Insurance Co., Defendant-Respondent.


Crisci, Weiser & McCarthy, New York (Roy Itzkowitz of counsel), for appellants.
Marshall, Conway & Bradley P.C., New York (Christopher T. Bradley of counsel), for respondent.



Order and judgment (one paper), Supreme Court, New York County (Kelly O'Neill Levy, J.), entered on or about November 9, 2015, to the extent appealed from as limited by the briefs, declaring that defendant is obligated to contribute equally with plaintiff Hanover Insurance Company to the cost of defending plaintiff Manhattan School of Music in the underlying action and that defendant is only obligated to indemnify Manhattan School to the extent the latter is held vicariously liable for the negligent acts of the named insured, unanimously reversed, on the law, without costs, and it is declared that defendant is not required to defend and indemnify Manhattan School in the underlying action.
Plaintiff Manhattan School is an additional named insured under a policy issued by defendant to nonparty Protection Plus Security Corporation. In an additional insured endorsement, the policy provides that the Manhattan School is an additional named insured "only with respect to liability for bodily injury'. . . caused, in whole or in part, by" the acts or omissions of Protection Plus in the performance of its operations for the Manhattan School. In the underlying personal injury action, a security guard employed by Protection Plus alleges that he slipped and fell on a recently mopped floor while working at the Manhattan School.
When "an insurance policy is restricted to liability for any bodily injury caused, in whole or in part,' by the acts or omissions' of the named insured, the coverage applies to injury proximately caused by the named insured" (Burlington Ins. Co. v NYC Tr. Auth., 29 NY3d 313, 317 [2017]). Such language in a policy does not equate to "but for" causation and is not the same as policies containing the phrase, "arising out of" (id. at 321, 323-325). Fundamentally, " arising out of' is not the functional equivalent of proximately caused by'" (id. at 324). Thus, it is not enough to merely establish a causal link to the injury.
Notably, the language in the endorsement was "intended to provide coverage for an additional insured's vicarious or contributory negligence, and to prevent coverage for the additional insured's sole negligence" (id. at 326).
Accordingly, when a policy limits coverage to an injury "caused, in whole or part" by the "acts or omissions" of the named insured, coverage is extended to an additional insured only when the damages are the result of the named insured's negligence or some other act or omission (id. at 323).
Here, the acts or omissions of Protection Plus were not a proximate cause of the security guard's injury. Rather, the sole proximate cause of the injury was the additional insured, and [*2]thus coverage is not available to the Manhattan School under defendant's policy (id. at 320).
Our holding makes it unnecessary to address the issue of which policy was primary and which policy was excess.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 27, 2018
CLERK